**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  Plaintiff,  v.  Darius Adrain Blackwell, et al.,  Defendants. | No. CR-13-01462-001-PHX-NVW  **ORDER** |

Before the Court are the Government's Notice of Intent to Use Evidence Related to Defendant's DUI Arrest in Scottsdale, Arizona, on July 6, 2012 and Provision of Smaller Quantities of Marihuana to a Co-Defendant (Doc. 154), Defendant Darius Blackwell's Motion *In Limine* to Preclude the Admission of Evidence (Scottsdale Arrest) (Doc. 164) and the Government's Response (Doc. 168). Defendant seeks to suppress evidence of his arrest on July 6, 2012, when the Scottsdale police, after being told by Defendant that there was no marijuana in his car, found a marijuana cigarette, a vial containing marijuana and "several small pieces" of the drug in the vehicle's back seat, where co-defendant Walter Allen had been seated. Doc. 154 at 2-3. The proposed evidence, which Defendant charges is irrelevant and unduly prejudicial, would also show that Defendant later acknowledged the marijuana belonged to him, that he admitted he had smoked marijuana at a comedy club, and that the police discovered $4,300 worth of $100 bills on Defendant during a search incident to arrest. The Government urges admission of the evidence to show Defendant's knowledge, intent, motive and absence of mistake regarding the conspiracy to possess with intent to distribute marijuana and

conspiracy to launder money with which Defendant has been charged.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Other acts evidence is admissible under Rule 404(b) if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged." *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002) (citing *United States v. Murillo*, 255 F.3d 1169, 1175 (9th Cir. 2001)). On the Government's theory, Defendant's possession of marijuana and "provision of it to a co-defendant" establish that Defendant's participation in the alleged conspiracy was knowing and intentional, rather than the result of accident or mistake; the large sum of cash in Defendant's possession evidences his motive to engage in the charged conspiracies; and his false statement that his car contained no marijuana "is probative of [Defendant's] knowledge, intent, motive, and the absence of mistake relative to the defendant's deceptive practice of using the U.S. mail to ship marihuana parcels that had fictitious shipper and recipient information on them." Doc. 154 at. 6-7.

These latter two arguments are entirely insubstantial. Mere possession of several thousand dollars in cash, even at the same time that one also possesses a small personal-use amount of marijuana, has no tendency to show motive to engage in a massive drug and money-laundering conspiracy. It may well be, as the Government asserts, that Defendant's "possession of a large amount of currency is probative of his intent to make money," Doc. 168 at 4, but an intent to make money does not tend to prove an intent to engage in conspiracies like those charged in the indictment. Likewise, the fact that a driver stopped by the police lies about the presence of contraband in his car does not show he has the knowledge, intent or motive to mail packages with fictitious recipient

1 and return addresses. At most, such a lie shows only that the driver hopes to avoid an
2 arrest for drug possession. The Government cites no case law to support the admission of
3 these two pieces of evidence—for the good reason that such evidence does not "tend[] to
4 prove a material point in issue," *Beckman*, 298 F.3d at 794, and is therefore plainly
5 inadmissible under Rule 404(b).

6 The Government is on sounder footing with respect to the marijuana found in
7 Defendant's car, if only because the Ninth Circuit precedents in this area are difficult to
8 reconcile. Testimony that a defendant charged with conspiracy and attempt to possess
9 with intent to distribute cocaine had previously used cocaine is inadmissible under Rule
10 404(b)(2) where that testimony "ha[s] no direct bearing on the elements of conspiracy,"
11 namely "an agreement to accomplish an illegal objective, coupled with one or more overt
12 acts in furtherance of the illegal purpose, and the requisite intent necessary to commit the
13 underlying substantive offense." *United States v. Hill*, 953 F.2d 452, 457-58 (9th Cir.
14 1991) (citing *United States v. Castro*, 887 F.2d 988, 994 (9th Cir. 1989)). And where a
15 defendant is charged with importing heroin and attempting to possess with intent to
16 distribute heroin, evidence of a defendant's prior use of cocaine is inadmissible because it
17 cannot "logically relate to an issue … other than his general criminal propensity." *United*
18 *States v. Mehrmanesh*, 689 F.2d 822, 831-32 (9th Cir. 1982).

19 At the same time, the Ninth Circuit has held that in a case charging the defendants
20 with possession of cocaine with intent to distribute and conspiracy to distribute cocaine,
21 Rule 404(b) does not bar evidence that the defendants ingested cocaine both the night
22 before and the day of their arrest. *United States v. Hegwood*, 977 F.2d 492, 497 (9th Cir.
23 1992). In *Hegwood*, the defendants waited at an acquaintance's apartment for two days
24 to pick up a package addressed to a nonexistent recipient, which "had been mailed from a
25 'Book Store' even though it supposedly contained court transcripts relating to [one
26 defendant's] child custody dispute"; at trial, the defendants claimed they did not know
27 what was inside this "suspicious" package. *Id.* at 497-98. The Ninth Circuit explained its
28 Rule 404(b) holding by observing, without further elaboration, that "[e]vidence of prior

1  involvement with drugs is relevant to prove absence of mistake or accident in this
2  circumstance." *Id.* at 497 (citing *United States v. Marsh*, 894 F.2d 1035, 1038-39 (9th
3  Cir. 1989)).  The *Hegwood* court further justified its ruling by noting that it had
4  "consistently held that evidence of prior possession or sale of cocaine is relevant under
5  Rule 404(b) to issues of intent, knowledge, and absence of mistake or accident in a
6  prosecution for 'possession of, importation of, and intent to distribute narcotics.'" *Id.*
7  (citing *Mehrmanesh*, 689 F.2d at 832 and *United States v. Sinn*, 622 F.2d 415, 416 (9th
8  Cir. 1980)).  The prior bad acts in *Mehrmanesh*, however, involved possession of "*large*
9  *quantities* of other drugs seized at [the defendant's] home *when he was arrested*" for the
10  crime of conviction, which suggested "he intended something more than the mere
11  personal use of the heroin."  689 F.2d at 832 (emphasis added).  And in *Sinn* the
12  defendant's bad act was "possession of cocaine during an illegal *buy-and-sell*
13  *transaction*," not mere possession for personal use.  622 F.2d at 416 (emphasis added).

14  The strongest case for the Government's position is *United States v. Santa-Cruz*,
15  48 F.3d 1118 (9th Cir. 1995).  There, in a prosecution for possession of cocaine with
16  intent to distribute, the defendant was arrested after he or a co-defendant pulled 165.4
17  grams of cocaine out from under the driver's seat of a blue Chevrolet.  48 F.3d at 1119.
18  The district court permitted the government to introduce evidence that three months
19  previously, the defendant had been arrested for possessing one gram of cocaine while
20  driving the same car.  *Id.*  The Ninth Circuit affirmed admission of this "personal use
21  amount of cocaine."  *Id.* at 1120.  But the precedential value of this holding was muddled
22  by the court's partial reliance on the fact that the "evidence connected [the defendant]
23  with the car."  *Id.*  And in any event, the Ninth Circuit ruled only that the district court
24  had not abused its discretion—not that the lower court's decision was mandated by Rule
25  404(b).  *See id.*

26  The decisions cited above do not provide clear instruction in how to apply Rule
27  404(b) to the specific facts of the present case.  More abstractly, however, the general
28  principle courts should apply in cases such as this one remains clear: "where the evidence

comes in to prove knowledge, admissibility requires 'a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act.' … Thus the question in a prior bad acts case is whether the proffered evidence really does tend to prove something material by a means other than bad character." *United States v. Martinez*, 182 F.3d 1107, 1111 (9th Cir. 1999) (citing *United States v. Mayans*, 17 F.3d 1174, 1181-82 (9th Cir. 1994)).  Framed in this way, the question is not a hard one.  There is no "logical connection" between the knowledge Defendant gained by possessing and smoking a small amount of marijuana and the knowledge he would need to carry out a complicated, two-year-long drug-distribution and money-laundering conspiracy.  As a result, this evidence does not "tend[] to prove a material point in issue." *Beckman*, 298 F.3d at 794.  Similarly, Defendant's recreational use and possession have no logical connection to his intent to engage in the charged conspiracies, notwithstanding that he possessed a large amount of cash when he was stopped by the Scottsdale police.  The requisite "similar[ity] to the offense charged" does not exist.  *Id.*

       The Government maintains that even if the proposed evidence is inadmissible under Rule 404(b), it should be allowed as direct evidence that is "inextricably intertwined" with the charged offenses.  This argument is unpersuasive.  "There are generally two categories of cases in which we have concluded that 'other act' evidence is inextricably intertwined with the crime with which the defendant is charged and therefore need not meet the requirements of Rule 404(b). First, we have sometimes allowed evidence to be admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge. … Second, we have allowed 'other act' evidence to be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).  None of the Government's proposed evidence falls into either of these categories.  Defendant's arrest on July 6, 2012, constituted no part of the transactions that gave rise to his indictment.

1   And excluding this evidence will not detract from the Government's ability to weave a
2   seamless, coherent narrative of the events comprising the crimes of indictment.

3   Finally, the Government seeks to introduce evidence that "on other occasions
4   during the conspiracy," Defendant provided "smaller quantities of marihuana" to the co-
5   defendant who was in Defendant's car when it was pulled over.  Doc. 168 at 3.  But the
6   Government has provided no information about what form this evidence takes or how it
7   was obtained.  This is insufficient to carry the Government's burden of showing
8   admissibility under Rule 404(b).

9   IT IS THEREFORE ORDERED that Defendant Darius Blackwell's Motion *In
10  Limine* to Preclude the Admission of Evidence (Scottsdale Arrest) (Doc. 164) is granted.

11  Dated this 30th day of September, 2014.

_____
Neil V. Wake
United States District Judge